# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID JAMES MIZELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2712 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner David James Mizell, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his 1986 conviction and life sentence for aggravated sexual assault. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner fails to raise a cognizable ground for federal habeas relief, the Court will dismiss this petition.

According to his petition, petitioner was convicted of aggravated sexual assault and sentenced to life incarceration by the 179th District Court of Harris County, Texas. The Texas Court of Criminal Appeals granted discretionary review reversing the conviction in 1988, and the conviction was affirmed on remand in 1989. Petitioner took no further action on his case until 2006, when he filed an application for state habeas relief. The Texas Court

of Criminal Appeals denied the application on March 31, 2006. This Court received the instant federal habeas petition on August 21, 2007.

Petitioner here complains that he retained counsel in 1992 to pursue state and federal habeas relief, but that counsel did nothing until 2002, when he advised petitioner that his case was "weak." Petitioner now argues, some fourteen years after retaining the complained-of attorney, that his constitutional right to effective assistance of counsel on collateral review was denied.

Notwithstanding the obvious limitations issues, petitioner's claim of ineffective assistance of counsel on collateral review is not cognizable under federal habeas law. The ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings is not grounds for relief in a section 2254 proceeding. 28 U.S.C. § 2254(i). Statutory provisions aside, the Supreme Court has long recognized that there is no constitutional right to counsel in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Because a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, it follows that a petitioner cannot claim ineffective assistance of counsel in such proceedings. *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995); *see also In re Goff*, 250 F.3d 273, 275 (5th Cir. 2001) ("The Supreme Court has explicitly held that there is no protected Sixth Amendment right to counsel in state post-conviction proceedings."). Because his allegation is not cognizable on federal habeas corpus review, petitioner is not entitled to relief on this issue.

Accordingly, the petition for habeas relief is **DENIED**, and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas on August 21, 2006.

                                        Gray H. Miller
                                  United States District Judge